**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ARTHUR RODGERS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. CCB-09-1962 |
| BOBBY SHEARIDIN, *et al.* | * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

Pending are plaintiff's motions to compel disclosure. ECF Nos. 31 and 33. For the reasons below, the motions will be granted in part and defendants' counsel shall be required to file a supplemental response to the complaint.

Defendants filed a motion to dismiss or for summary judgment on December 16, 2009, which was denied without prejudice. ECF No. 12. Since the filing of defendants' motion, plaintiff's claims with regard to his cell assignment have been expanded.[1] In his motion to compel to the court the reason for his current housing assignment in administrative segregation plaintiff states he has not been informed as to why he has been deemed a threat to the security of the institution and suggests that the actual reason for his assignment is retaliation for this litigation.[2] ECF No. 31. Defendants will be required to file a supplemental motion to dismiss or for summary judgment addressing the reasons for plaintiff's confinement to administrative segregation.

---

[1] The complaint concerned plaintiff's claim that he was denied proper dental care, a claim that was later dropped from this case. ECF No. 17. The claim regarding double-celling was raised by plaintiff in a motion for temporary injunctive relief. ECF No. 5.

[2] Attached to the motion to compel are copies of the e-mails defendants filed under seal concerning plaintiff's assignment to a single cell. ECF No. 31 at Att. 1.

In his motion to compel access to basefile records, plaintiff asserts defendants are attempting to cause him harm by assigning him to administrative segregation with a cell mate because they are aware of his paranoia and his sleep disorder, but have chosen to assign him to a double cell despite the dangers. ECF No. 33. Plaintiff seeks access to basefile records pertaining to his assignment. Defendants shall be required to include with their supplemental pleading all relevant basefile records pertaining to plaintiff's assignment to administrative segregation, serving a copy of the records to plaintiff. In the event any of the relevant basefile records are sensitive to security matters, defendants shall file the records under seal with an explanation as to why they are sensitive.

Upon receipt of defendants' supplemental pleading, plaintiff will be permitted an opportunity to file a response in opposition. A separate order establishing the time parameters follows.

December 2, 2010      /s/
Date      Catherine C. Blake
     United States District Judge